Thomas Griffin (No. 022475)
ROBAINA & KRESIN PLLC
5343 North 16th Street, Suite 200
Phoenix, Arizona 85016
Telephone: (602) 682-6450
Facsimile: (602) 682-6455
ttg@robainalaw.com

Attorneys for Plaintiff Russell Ater

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Russell Ater,<br><br>       Plaintiff,<br><br>vs.<br><br>Macy's Retail Holdings, Inc. dba Macy's, Inc.,<br><br>       Defendant. | No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff Russell Ater ("Ater") for his Complaint against Defendant Macy's Retail Holdings, Inc. dba Macy's, Inc. ("Macy's") alleges as follows:

1. Ater is, and at all relevant times was, a resident of Maricopa County, Arizona, and he worked for Macy's in Maricopa County, Arizona.

2. Macy's is a foreign entity that was operating in Arizona at all relevant times and is an employer subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq.*

3. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1331.

4. Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b)(2).

5. From in or about 1997 until in or about September 2018, Ater was employed by Macy's.

6. From in or about 2007 until his termination in or about September 2018, Ater was a Receiving Manager.

7. From in or about 2008, until his termination in or about September 2018, Ater was located at Macy's store in the Chandler Mall ("Chandler Store").

8. Prior to in or about 2007, Ater was an exempt employee under the FLSA.

9. In or about 2007, Macy's reclassified Ater and from that time until his termination, Ater was a non-exempt employee under the FLSA.

10. Prior to his reclassification from an exempt employee to a non-exempt employee under the FLSA, Ater became accustomed to working as many hours as necessary to fill the needs of his store.

11. Even after his reclassification, Ater never broke the habit of working as many hours as needed to fill the needs of his store.

12. As a result, Ater regularly worked more than 40 hours per week from in or about 2007 until his termination in or about September 2018.

13. In or about 2014/2015, Macy's gave Ater a written corrective action for working more than 40 hours per week.

14. However, the Chandler Store, at which Ater worked at all times, was a "focus store" and was designated as such by Macy's because it was a high traffic store with potential for growth.

15. As a result, Ater had to work more than 40 hours per week to fill the needs of the Chandler Store.

16. In or about August 2018, Macy's placed Ater on suspension without pay for working more than 40 hours per week.

17. In or about September 2018, Macy's terminated Ater's employment for working more than 40 hours per week.

18. Macy's has advised Ater that it will pay him—at his overtime rate of pay—for all hours that he worked over 40 hours per week from on or about July 1, 2018 through on or about August 25, 2018.

19. Ater requested that Macy's pay him—at his overtime rate of pay—for all hours that he worked over 40 hours per week prior to on about July 1, 2018.

20. Macy's refused to compensate Ater for the hours that he worked over 40 hours per week prior to on or about July 1, 2018.

## COUNT ONE

### (Overtime violation under the Fair Labor Standards Act)

21. Ater incorporates by reference all previous allegations as though set forth fully herein.

22. At all relevant times, Macy's was an employer under the FLSA.

23. At all relevant times, Ater was an employee covered under the FLSA.

24. Macy's failed to pay Ater for all hours worked in excess of 40 hours per week in violation of the FLSA.

25. Macy's conduct described above was willful and occurred as a continuing course of employer conduct.

WHEREFORE, Plaintiff Russell Ater prays for judgment against Defendant Macy's Retail Holdings, Inc. dba Macy's, Inc. and asks the Court to:

A. Award Ater unpaid overtime wages and other appropriate relief necessary to make Ater whole and compensate him for the legal violations described above;

B. Award Ater liquidated damages pursuant to 29 U.S.C. § 216(b);

C. Award Ater pre-judgment and post-judgment interest;

D. Award Ater attorneys' fees pursuant to 29 U.S.C. § 216(b);

E. Award Ater costs of suit incurred herein; and,

F. Award Ater such other relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 25th day of September 2018.

ROBAINA & KRESIN PLLC

By /s/Thomas Griffin
Thomas Griffin
Attorneys for Plaintiff Russell Ater

**DEMAND FOR JURY TRIAL**

Plaintiff Russell Ater hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this 25th day of September 2018.

ROBAINA & KRESIN PLLC

By /s/Thomas Griffin
    Thomas Griffin
    Attorneys for Plaintiff Russell Ater